U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 17 2011
CLERK, U.S. DISTRICT COURT
by_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL A. POWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-089-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael A. Powell, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

In 2005 petitioner was convicted by a jury of two counts of aggravated sexual assault of S.P., a child younger than 14 years of age, in Tarrant County, Texas, and sentenced to forty years'

confinement on each count to be served consecutively. (State Habeas R. at 207)[1] Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Powell v. State*, No. 2-05-449-CR, slip op., 2008 WL 110181 (Tex. App.-Fort Worth Jan. 10, 2008) (not designated for publication); *Powell v. State*, PDR No. 0303-08. Petitioner filed a state application for writ of habeas corpus, raising the claims discussed herein, which the Texas Court of Criminal Appeals denied, without written order, on the findings of the trial court. (State Habeas R. at cover) This federal habeas petition followed.

## II. Issues

Petitioner's multifarious claims are addressed under the general categories of (1) "manufactured" transcript, (2) judicial misconduct, and (3) ineffective assistance of counsel. (Pet. at 7-8; Pet'r Mem. at V, 1-21)

## III. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state court remedies as required by 28 U.S.C. §

---

[1] "State Habeas R." refers to the court record for petitioner's state habeas application No. WR-71,379-06.

2254(b)(1) and that the petition it neither barred by limitations or subject to the successive-petition bar. 28 U.S.C. § 2244(b), (d). (Resp't Ans. at 6)

## IV.  Discussion

### A. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly

3

established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir.

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

2002).

B.  *"Manufactured" Transcript*

Petitioner claims his right to due process during trial, on appeal, and in the state habeas proceedings was violated as a result of "manufactured testimony," inaccuracies and omissions in the reporter's and clerk's records, and the destruction of evidence (the court reporter's audio recordings of the trial). (Pet'r Mem. at 5-11)  According to petitioner, the trial judge provided manufactured testimony to the jury in response to jury requests during deliberations outside his presence, his efforts to obtain hearings to correct the record were thwarted by the trial judge in a conspiracy by all parties involved, over 360 lines in the reporter's record were "photo shop edited," and numerous documents were not included in the clerk's record, rendering his trial, appeal and habeas proceedings unfair. (Pet'r Mem. at 5)  Petitioner testified before the trial court and provided his own purported "affidavit" detailing those portions of the record that were manufactured, inaccurate, or omitted in the state habeas proceedings.  (State Habeas R. at 90-96; Pet'r App. "Affidavit"; RR, Jan. 17, 2007, Hrg on Abatement Order, at 5-16)

The state habeas judge, who also presided over petitioner's

5

trial, found that, although the audio recordings of the proceedings were no longer available, the court reporter certified that the reporter's record contained "a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel," the court reporter testified at a hearing that the transcription of the record was accurate, and the court reporter, petitioner's appellate counsel, and the assistant district attorney assigned to the case listened to the audio recordings of the testimony and all advised the trial court that the reporter's record was consistent with those audio recordings. (State Habeas R. at 149; RR, Jan. 17, 2007, Hrg on Abatement Order, at 17-19) The court further found that there was no credible evidence that the trial court altered notes from or answers sent to the jury, the transcript, the clerk's record, any documents, or witness testimony or otherwise thwarted the corrections hearing held on the issue. (State Habeas R. at 150) Based on its findings, the state court concluded petitioner had failed to prove that there were discrepancies or alternations to the record. (*Id.* at 159)

Petitioner has failed to rebut the state court's findings by clear and convincing evidence. Thus, deferring to those findings, the state court's determination is not in conflict with

6

established federal law or objectively unreasonable. To merit federal habeas relief on a claim that state court records have been altered in violation of a defendant's due process rights, a petitioner must support his claims with more than mere speculation and unsubstantiated claims. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

C. **Judicial Misconduct**

Petitioner claims the trial judge abused her discretion by failing to apply the law regarding the role of standby counsel, "closing" the state's open file policy, refusing to allow him or counsel to prepare for trial, removing statements from the record, refusing to sign an order appointing a defense investigator until the Friday before trial, obstructing his defense pro se, and thwarting correction of the record. (Pet. at 7; Pet'r Mem. at 1-4)

The state habeas court entered detailed factual findings as to those claims, refuting petitioner's allegations and concluding that petitioner had been properly allowed to represent himself *pro se* and had failed to prove that he was denied his right to counsel, that he was denied the right to prepare for trial and investigate, that the trial court altered notes to the jury or

7

the record, or that the trial court otherwise engaged in judicial misconduct in violation of his right to due process. (State Habeas R. at 143-51, 161-64)

Petitioner has failed to rebut the state court's findings by clear and convincing evidence. Thus, deferring to those findings, the state court's determination is not in conflict with established federal law or objectively unreasonable. A criminal defendant possesses the right to counsel as well as the right to self-representation, however there is no constitutional right to have both through a "hybrid representation" scheme. *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984). The record reflects petitioner was adequately advised by the trial court of the risks of self-representation and understood the risks and what would be expected of him if he chose self-representation. (Clerk's R., vol. 1, at 33, 170; Clerk's R., vol. 3, at 534; RR, Apr. 1, 2005, Pretrial Hearing, at 4-18; RR, vol. 2, at 4-25; RR, Oct. 7, 2005, Pretrial Hrg, at 4-12; RR, vol. 4, at 4-12) *See Faretta v. California*, 422 U.S. 806, 835 (1975). The record also reflects petitioner vacillated between self-representation and representation by court-appointed counsel and, having been allowed to represent himself, affirmatively abandoned the right on two occasions on the day trial was scheduled to begin due to

8

difficulty managing his defense and contacting and subpoenaing witnesses. (RR, Oct. 7, 2005, Pretrial Hrg, at 4-12 ; RR, Apr. 1, 2005, Pretrial Hrg, at 6-18; RR, vol. 2, at 21-24; RR, vol. 4, at 5-6) A defendant does not have a constitutional right to choreograph special appearances by counsel. *McKaskle*, 465 U.S. at 183. Petitioner clearly waived his right to self-representation at trial after asserting it. *Id.*; *Brown v. Wainwright*, 665 F.2d 607, 610-11 (5th Ci r. 1982). Further, there is no constitutional right to self-representation on direct appeal. *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 354, 361 (2000). The remainder of petitioner's claims are either refuted by the record or lack any evidentiary basis whatsoever.[3] (RR, vol. 2, at 25)

D. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An

---

[3]Initially, John Ladd was appointed as an investigator for the defense, but he was later replaced at petitioner's request. (Clerk's R., vol. 1, at 23; RR, Oct. 7, 2005, Pretrial Hearing, at 11-12)

9

ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th

Cir. 2001).

Petitioner was represented by John Harding at trial. (Pet. at 7-8; Pet'r Mem. at 12-21) Petitioner asserts Harding was ineffective by conducting a "farce sham" defense and failing to (1) object to prosecutorial misconduct, (2) secure his presence "during manufactured notes to [the] jury," (3) request *Brady* evidence, (4) object to bolstering, (5) object to false testimony, (6) object to improper voir dire, (7) point out discrepancies in the testimony, (8) request hearings on admissibility of evidence, and (9) prepare or procure defense witnesses. (Pet. at 7)

The state habeas court conducted a hearing by affidavit on petitioner's ineffective assistance claims. Harding responded to petitioner's allegations, in relevant part, as follows:

> I have tried more than 200 criminal jury trials both as a defense lawyer and as a prosecuting attorney. In response to Mr. Powell's grounds of error these are two points that should be made. First I was appointed to represent Mr. Powell after his original attorney withdrew because he felt Mr. Powell had physically threatened him and his investigator. Secondly Mr. Powell represented to the Court that he intended to represent himself. It was only on the day of trial that Mr. Powell requested a change of my status to actual trial counsel. Because of the unusual nature of this case I none the less prepared for trial
>
> While Mr. Powell familiarized himself with many legal issues pertinent to his case he remained a layman

11

at the law.  Furthermore Mr. Powell's temperament is such that he had difficulty accepting any interpretation of statutory or case law that was not in accordance with his views and interpretation. . . .  I have never permitted a client to participate in a "farce" as a trial.

Texas and no other jurisdiction that I know of permits "hybrid representation."

I prepared extensively for trial, interviewing all civilian and police witnesses.  I was accompanied by at least one or two very competent investigators who aided me on this case.

. . .

[B]oth sides had a hearing on motions the state was not permitted to admit inadmissible hearsay. . . .  No hearsay evidence of a harmful nature was deleted by the witnesses in question.  All the witnesses in question testified to facts they had claimed personal knowledge of or their state of mind.

[T]here was no bolstering of testimony.  Bolstering is a fading doctrine in our jurisdiction and all witnesses named testified to facts of personal knowledge.

I'm sure I pointed out any significant discrepancies in testimony.  Furthermore, I never participated in a conspiracy to convict my client.  Absence of perjury a mistrial is no remedy for testimony the defense doesn't like.

[A]ny 705VACCP voir dire was conducted accordingly to rules of evidence in our state.

. . .

[N]o brady material was withheld for [sic] the defendant and I know the prosecutors in question and do not believe they would withhold such evidence.  At any

12

>    rate I know of no brady material, withheld or
>    otherwise. . . .
>
>        . . .
>
>    I secured the defendant['] s agreement to not be
>    brought into court every time a jurors['] note was
>    answered.  I informed him of the contents of the notes
>    in question and discussed [the] court['] s answers with
>    Mr. Powell.
>
>        . . .

(State Habeas R. at 134-36)

The state habeas judge entered findings of fact consistent with counsel's affidavit and the documentary record, which were adopted by the Texas Court of Criminal Appeals.  (*Id.* at 151-56) Based on those findings, and applying the *Strickland* standard, the court concluded petitioner had failed to prove he received ineffective assistance of trial counsel or that but for counsel's alleged acts or omissions, the result of his trial would have been different.  (*Id.* at 164-69)

Petitioner has presented no argument or evidence in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court.  28 U.S.C. § 2254(d).  Conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to meet

*Strickland* standards. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Overall, trial counsel devised a viable defense, engaged in pretrial investigation, conducted voir dire, gave opening and closing arguments, made meritorious objections and motions during trial, and cross-examined state witnesses. (RR, vol. 2, at 5-15; RR, vol. 3, at 85-150; RR, vol. 4, at 33-39; RR, vol. 8, at 91-110; RR, vol. 9, at 78-84) Even if petitioner could demonstrate deficient performance, which he has not, the right to counsel does not require errorless counsel. *Johnson v. Estelle*, 704 F.2d 232, 239 (5th Cir. 1983). A petitioner is required to demonstrate that counsel's performance, in light of the entire proceeding, was so inadequate as to render his trial unfair. *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981). Having reviewed the entirety of the record, counsel's performance was not outside the wide range of professionally competent assistance, and petitioner has failed to show that but for counsel's acts or omissions, he would have been acquitted of the charges or that his sentences would have been significantly less harsh. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Petitioner was represented by Abe Factor on appeal. Petitioner asserts Factor was ineffective by filing a "farce"

brief, refusing to "file errors" requested by him, thwarted "corrections hearings" by conspiring with the trial judge and the prosecution, and forcing himself on petitioner, a pro se litigant. (Pet. at 8; Pet'r Mem. at 21) Factor responded to petitioner's allegations, in relevant part, as follows:

> In . . . Mr. Powell's Application for Writ of Habeas Corpus, he has complained that "Appellate counsel was ineffective" in not raising "material errors" as set forth in the memorandum accompanying [the] application; in failing to "raise error for hearing of motion for new trial filed by pro se appellant"; in "forcing himself on pro se appellant and giving false statements about the record" and, in participating in farce appeal to intentionally thwart direct appeal and limit future remedy" and "filing misleading and disputed content in COA." From a review of the Clerk's Record, the Honorable Leigh Davis was originally appointed by the Court to represent Mr. Powell in his appeal on November 21, 2005. Also from a review of the Clerk's Record, it does not appears [sic] that any Motion for New Trial-Pro Se or otherwise, was ever filed. By the time I was appointed by the trial court as Mr. Powell's counsel on appeal on January 3, 2007, the time period for presenting a Motion for New Trial-Pro Se or otherwise-had long since expired. Because the time period for fining [sic] or presenting a Motion for New Trial had long since expired by the time I was appointed to represent Mr. Powell on appeal, I had no legal opportunity to either file or present a Motion for New Trial on Mr. Powell's behalf.
>
> Additionally, far from "forcing myself" on Mr. Powers [sic], as stated above, I was appointed by the trial court in specific response to a request for appointed appellate counsel by Mr. Powers [sic]. As for "giving false statements about the record," there were three individuals who verified that the transcript accurately reflected what was said in court. Valerie

Allen, the court reporter; Danielle LeGault, the prosecutor assigned to the case; and myself; listened to the tapes which corresponded to the testimony disputed by Mr. Powell. No one heard anything on the tapes to suggest that the court reporter's transcript was not accurate.

Finally, in reference to the accusation that I "failed to raise material errors" on appeal as set forth in the memorandum accompanying the application, I submit the following. Bearing in mind the proper standard of ineffective assistance of counsel as articulated in *Strickland* . . ., there is nothing raised in the memorandum that fairly raises the prospect that the result of the trial or appeal would have been different if raised on appeal. . . . Mr. Powell complains that the trial court appointed standby counsel over his objection. However, the record demonstrates that Mr. Powell requested that standby counsel take over the representation of the case. Moreover, the standby counsel who was assigned to take over the case had been appointed to the case originally in April of 2005, so by the time of trial he had an intimate knowledge of the facts and law applicable to the case. Based on my review of the record from the trial and trial counsel's conduct during the trial, I don't believe that there was any error in the trial court's act of appointing standby counsel as trial counsel per Mr. Powell's specific request.

Mr. Powell vaguely accuses the trial court of abusing its discretion in various manners affecting the testimony of certain witnesses. However, from my review or [sic] the record, I do not discern an issue regarding the testimony of any defense or prosecution witnesses which demonstrate an abuse of discretion on the part of the trial court.

Mr. Powell complains that his trial counsel was ineffective. From a review of the record, ineffectiveness of trial counsel is not firmly found in the record. Moreover, the record on direct appeal is not usually sufficient to show that his trial counsel

> had rendered ineffective assistance.
>
> Mr. Powell complains again about alleged discrepancies involving the Reporter's Record. These allegations have been addressed sufficiently above, and do not raise an issue that could be fairly raised on appeal.
>
> Mr. Powell raises multifarious complaints regarding various evidentiary actions taken by the trial court. From my review of the record, I do not believe that any actions taken by the trial court can be construed as an abuse of direction-which is the standard necessary to merit a showing of harm on appeal. Since I did not believe that the alleged actions by the trial court were harmful, or even an abuse of discretion, it would have been a violation of the Rules of Disciplinary Procedure to raise them in the Appellate Brief, as frivolous filings are specifically proscribed, and I believe that any complaint regarding the trial court's evidentiary rulings would have necessarily been considered frivolous on appeal.
>
> In my professional opinion, a review of the record from Mr. Powell's trial showed that the matter which I raised in the Brief which I filed on Mr. Powell's behalf-the sufficiency of the evidence to support one of the counts of aggravated sexual assault of a child-was the only issue which could have been fairly raised on appeal.

(State Habeas R. at 123-25) (citations omitted)

The state habeas court entered findings consistent with counsel's affidavit and, applying the *Strickland* standard, concluded petitioner had failed to prove he received ineffective assistance on appeal or that but for counsel's alleged acts or omissions, the result of his appeal would have been different.

17

(*Id.* at 141-43, 158-60)

Petitioner has presented no argument or evidence in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his or her judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Furthermore, prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Thus, it follows, that counsel was not ineffective for failing to raise petitioner's claims on appeal.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED October 17, 2011.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE